UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY NELSON BUGH,

    *Petitioner,*             CRIM. CASE NO: 1:18-cr-20720
                                 CIV. CASE NO: 1:20-cv-12410

v.                         DISTRICT JUDGE THOMAS L. LUDINGTON
                         MAGISTRATE JUDGE PATRICIA T. MORRIS

UNITED STATES OF AMERICA,

    *Respondent.*
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(ECF No. 33)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to vacate (ECF No. 33) be **DENIED** and that the civil case be **DISMISSED.**

**II.    REPORT**

    **A.    Introduction**

Pursuant to a Rule 11 plea agreement, Petitioner pleaded guilty to attempted sexual exploitation of a child in violation of 18 U.S.C. § 2251. (ECF No. 21.) A sentencing hearing was held and on August 23, 2019, and a judgment was entered sentencing Petitioner to 360 months incarceration and supervised release for life. (ECF No. 31.) Petitioner did not appeal his conviction or sentence. On August 19, 2020, Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255. (ECF No. 33.) The government responded (ECF No. 39), and Petitioner did not file a reply. The instant motion has been referred to the undersigned (ECF No. 35) and is ready for report and recommendation.

**B.     Law and Analysis**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)). Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent

that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Where a claim for ineffective assistance of counsel is brought following a guilty plea, the "prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *Utley v. United States*, 2016 WL 337750, at *6 (E.D. Mich. Jan. 28, 2016) (Lawson, J.) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id*. (citations

3

omitted). However, the Supreme Court has explained that "'*Hill* does not, however, provide the sole means for demonstrating prejudice' . . . . [P]rejudice may lie where a petitioner demonstrates that counsel's deficient performance infected his decisionmaking process, and thus undermines confidence in the outcome of the plea process." *Rodriguez-Penton v. United States*, 905 F.3d 481, 487-88 (6th Cir. 2018) (quoting *Missouri v. Frye*, 566 U.S. 134, 141-42 (2012) and citing *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)).

In the instant case, Petitioner claims: (1) counsel was ineffective because counsel "refused to answer calls from Defendant and Defendant's family" and although Petitioner was "ready to go to trial" "counsel refused, claiming Defendant had no case" thereby "coerc[ing] the Defendant to not exercise his right to trial" and counsel did not argue for a downward departure at sentencing based on Petitioner's cognitive impairments (ECF No. 33, PageID.161-162); (2) the "Courts [sic] abused it's [sic] power by sentencing the defendant to a term of lifetime supervised release" in addition to his 300 month incarceration. (ECF No. 33, PageID.163-164.) Petitioner seeks a more reasonable sentence of 15 to 20 years imprisonment to be followed by supervised release of 5 to 15 years. (ECF No. 33, PageID.169.)

As to the first ground citing ineffective assistance of counsel, I suggest that these "bare allegations listed in Movant's §2255 motion (ECF No.1) are conclusory and fail under the *Strickland* two-prong test." *Wade v. United States*, 2015 WL 4475609, at *3 (W.D. Mich. July 21, 2015). In addition, such bare assertions "fail[] to provide any factual support for this claim in violation of Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Court." *Parks v. United States*, 2013 WL 427256, at *5 (E.D. Tenn. Feb. 4, 2013); *see also*

*Livesay v. United States*, 2019 WL 2110509, at *4 (E.D. Tenn. May 14, 2019) ("Bald assertions do not suffice to carry the burden; factual support must be given.").

Although Petitioner alleges that he was "ready to go to trial" and that "counsel refused, claiming Defendant had no case" thereby "coerc[ing] the Defendant to not exercise his right to trial" (ECF No. 33, PageID.161-162), Petitioner does not now seek any relief other than a resentencing. (ECF No. 33, PageID.169.) In this light, I find that Petitioner's allegations focus on what he deems as poor advice from counsel rather than actual coercion to plead guilty. I therefore do not find that he has claimed that his plea was made unknowingly or involuntarily nor does he now insist that but for his counsel's failures, he would have proceeded to trial. Thus, Petitioner's assertions do not even facially state sufficient prejudice to obtain relief under §2255. *See Hill*, 474 U.S. at 59; *Rodriguez-Penton*, 905 F.3d at 487-88; *Utley*, 2016 WL 337750, at *6. Since Petitioner has failed to even assert prejudice, I need not address whether counsel was constitutionally insufficient; however, in reviewing the docket and transcripts, I find no reason to suggest that counsel's performance fell below the standard.

In addition, the record belies any claims that Petitioner's plea was anything but knowing and voluntary. When asked whether he felt like he had sufficient time to go over the plea agreement with his attorney, whether he understood the terms of the plea agreement, and whether he was satisfied with his attorney's advice, Petitioner responded, "Yes, I do, Your Honor" and "Yes, Your Honor[,]" respectively. (ECF No. 29, PageID.127.) During the government's recitation of the important provisions in the Rule 11 plea agreement, government counsel also noted that there were potential counts that could have been charged and if he had been convicted of those additional counts, "the guidelines could have been life and all those maximums could have been

5

stacked, so even though it [kind of] looks like he didn't get anything, he did limit his exposure to one count only..." rather than consecutive sentences on multiple counts. (ECF No. 29, PageID.135-136.) Petitioner was told that if he had any questions about the terms of the plea agreement or how the terms could affect him or what consequences could flow from the terms of the agreement that he should bring them before the court that day and Petitioner indicated that he would. (ECF No. 29, PageID.137-138.) Petitioner was specifically informed that he was "giving up that right [to appeal his sentence] as long as your sentence isn't any higher than 360 months, which is the statutory maximum; so, basically, you won't be able to appeal your sentence" and when he was asked if he understood that, he responded "I do, Your Honor." (ECF No. 29, PageID.138.) The court then advised Petitioner of the sentencing judge's powers and assured the voluntariness of his plea, by asking the following: whether anyone had used any force of threats to make him plead guilty, whether he was pleading guilty freely and voluntarily, whether he was pleading guilty because he is guilty, and whether it was his choice and his choice alone to plead guilty. (ECF No. 29, PageID.139.) Petitioner responded "No, Your Honor[,]" "I am, Your Honor[,]" "Yes, Your Honor[,]" and "Yes, it is my choice" respectively. (*Id.*) Petitioner's lawyer questioned him as to the factual basis and Petitioner then pleaded guilty. (ECF No. 29, PageID.140-142.)

Petitioner's sworn statements as to his understanding of the plea agreement, the possible consequences, the rights he had and those he indicated he would be willing to give up, and the voluntariness of his plea, cannot be undone with such conclusory assertions as stated in Petitioner's motion. *Warfield v. United States*, 2011 WL 4436520, at \*5 (W.D. Ky. Aug. 19, 2011) (Petitioner's "ineffective assistance claim fails because his bare assertions in support are not credible in light of his sworn statements during the change of plea hearing." (*citing Blackledge v. Allison*, 431 U.S.

63, 74 (1977))). Even if Petitioner's allegations rose above the conclusory, the result would be the same. Where, as here, the court "has scrupulously followed the required procedure [under Rule 11], the defendant is bound by his statements in response to the Court's inquiry." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993). Since courts must be able to rely on a defendant's statements during a plea colloquy, "allegations in a §2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Barnett v. United States*, Nos. 2:10-CR-116, 2:14-CV-216, 2017 WL 160896, at *4 (E.D. Tenn. Jan. 13, 2017) (citation omitted). Therefore, I suggest that any claims regarding the plea taking process must fail as his arguments are contradicted by his statements during the plea colloquy.

As to Petitioner's argument that counsel did not argue for a downward departure at sentencing based on Petitioner's cognitive impairments (ECF No. 33, PageID.161-162), this contention also fails to provide a ground for relief. At sentencing, counsel zealously argued for a variance in the sentence based on Petitioner's "heartfelt remorse, desire to seek help, and desire to change." (ECF No. 38, PageID.182.) Counsel cited to Petitioner's early indication that he did not want to go to trial, counsel's caution to delay such a decision until after discovery, Petitioner's lack of interest in contesting any of the evidence revealed during discovery, and counsel asked the court "to consider a downward variance in this matter because of Mr. Bugh's immediate unconditioned expressions of remorse" citing supporting case law. (ECF No. 38, PageID.182-184.) Counsel also directed the court to "other unique characteristics" which counsel provided in the written motion and asked the court to also "consider his disadvantaged upbringing as well as his history of abuse." (ECF No. 38, PageID.184-185.) In counsel's motion for a downward variance

at sentencing, counsel cited to and argued for departure based also on Petitioner's "learning disability" and placement in "special education programming[.]" (ECF No.28, PageID.113.) Petitioner also allocated for himself in a comprehensive and articulate manner, describing his past issues, accomplishments and disappointments, noting that "I know right from wrong, and I care enough to do the right thing. I have the capability of thinking before I act." (ECF No. 38, PageID.187.)

As the record shows, counsel did argue for a downward variance based in part on Petitioner's cognitive impairments and many other well-stated and supported reasons. Counsel's arguments for a more lenient sentence were thorough, well-stated and supported, rising far above the objectively reasonable standard.

Therefore, Petitioner's arguments regarding ineffective assistance of counsel are without merit.

Petitioner's second ground argues that the "Courts [sic] abused it's [sic] power by sentencing the defendant to a term of lifetime supervised release[.]" (ECF No. 33, PageID.163-164.) However, as noted throughout the record and as recognized by Petitioner, Petitioner faced mandatory supervised release of at least five years and up to life. (See, e.g., ECF No. 21, PageID.73, 77; ECF No. 29, PageID.126-127.) Therefore, the Court exercised only the power it properly held and no abuse occurred. In addition, because Petitioner failed to raise any sentencing issue on direct appeal, he is required to show cause and prejudice with regard to his default which this Petitioner has not even attempted to allege. *Elzy v. United States*, 205 F.3d 882, 885-886 (6th Cir. 2000). Nor has he attempted to make a showing of actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Accordingly, this claim also fails to provide a ground for relief.

### C. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### D. Conclusion

For all the reasons stated above, I recommend that the Court deny Petitioner's motion to vacate sentence. (ECF No. 33.)

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 12, 2021              S/ PATRICIA T. MORRIS
                                      Patricia T. Morris
                                      United States Magistrate Judge